IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**LOLA T. COLLINS WELCH,**            CASE NO. 3:21 CV 2020

    Plaintiff,

    v.                                                JUDGE JAMES R. KNEPP II

**McLAUREN ST. LUKES HOSPITAL, et al.,**

                                                     **MEMORANDUM OPINION AND**
    Defendants.                              **ORDER**

        This is another *in forma pauperis* lawsuit filed by *pro s*e Plaintiff Lola T. Collins Welch. In this case, Plaintiff sues three Defendants, McLauren [sic] St. Lukes Hospital, C.R. Bard, and Cook Medical, alleging "person injury-product liability" in connection with an "IVC filter" she alleges she had implanted in 2013 which she contends is causing her to experience blood clots. (Doc. 1).

        The Court finds Plaintiff's action must be dismissed. Federal courts are courts of limited jurisdiction, and a party that seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear a case. *Kokkenen v. Guardian Life Ins. Co. of Am*., 511 U.S. 375, 377 (1994); *see also Washington v. Sulzer Orthopedics, Inc*., 2003 WL 22146143, at *1 (6th Cir.) ("A plaintiff in federal court has the burden of pleading sufficient facts to support the existence of the court's jurisdiction. Fed. R. Civ. P. 8. In a diversity action, 'the plaintiff must state all parties' citizenships such that the existence of complete diversity can be confirmed.'") (*quoting Chem. Leaman Tank Lines, Inc. v. Aetna Cas. & Sur. Co.*, 177 F.3d 210, 222 n.13 (3d Cir. 1999)).

Federal courts have subject-matter jurisdiction only over civil actions "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and over cases where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs, 28 U.S.C. § 1332.

Plaintiff's Complaint on its face fails to demonstrate either federal question or diversity jurisdiction. She has failed to demonstrate a basis for an exercise of federal diversity jurisdiction over any personal injury (or other state-law claim) she purports to assert as she indicates that she and one defendant (McLauren St. Lukes Hospital) are citizens of the same state. *See* Doc. 1, at 1; Doc. 1-1, at 2. Complete diversity between all plaintiffs and all defendants is required for a federal court to exercise diversity jurisdiction; "the plaintiff cannot be a citizen of the same state as any defendant." *Shea v. State Farm Ins. Cos.*, 2 F. App'x 478, 479 (6th Cir. 2001). And even liberally construed, Plaintiff's Complaint on its face alleges no claim arising under federal law for purposes of establishing federal question jurisdiction under 28 U.S.C. § 1331.

Accordingly, the Court must dismiss this action for lack of federal subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.").

Further, "federal courts have the inherent power to . . . [restrict] future access to the judicial system, to deter future frivolous . . . or duplicative lawsuits." *Lawrence v. Bevin*, 2017 WL 1103616, at *3 (W.D. Ky.) (citing *Chambers v. Nasco, Inc.*, 501 U.S. 32, 43–45 (1991); *Futernick v. Sumpter Twp.*, 207 F.3d 305, 314 (6th Cir. 2000); *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987)). This inherent power includes denying the privilege of proceeding *in forma pauperis* when a litigant abuses the privilege by repeatedly filing meritless lawsuits. *See*

*In re McDonald*, 489 U.S. 180, 184–85 (1989); *Maxberry v. S.E.C.*, 879 F.2d 222, 224 (6th Cir. 1989).

Plaintiff has now filed multiple meritless or frivolous *in forma pauperis* lawsuits in this district. The Court now concludes that continuing to allow Plaintiff to proceed *in forma pauperis* in lawsuits does not promote the use of the Court's resources in the interest of justice. Accordingly, the Court rules that in the future, Plaintiff will not be permitted to file another action in this District without payment of the full filing fee. *See Maxberry*, 879 F.2d at 224; *see also Profit v. City of Shaker Heights*, 2019 WL 315092, at *7 (N.D. Ohio) ("the repeated filing of meritless lawsuits diverts judicial resources and interferes with the orderly administration of justice").

## Conclusion

For the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiff's Complaint (Doc. 1), be and the same hereby is, DISMISSED for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3); and it is

FURTHER ORDERED that Plaintiff is PROHIBITED from filing any further lawsuits in this District without payment of the full filing fee; and the Court

FURTHER CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE